**Sandeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–74534.
Agency No. A96–133–831.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.**

Decided May 13, 2005.

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, Arthur L. Rabin, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM***

Sandeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings and adverse credibility determination. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We review de novo due process challenges to final orders of removal. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The BIA's adverse credibility determination is supported by substantial evidence because it is based on specific, cogent reasons, and the discrepancies regarding Singh's third arrest go to the heart of his claim for relief. *See Malhi,* 336 F.3d at 992–93. Singh's remaining evidence, when considered in light of his family's continued residence in India without further incident, does not compel a finding of a well-founded fear of future persecution. *See*

*id.* at 993; *Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996). Because he failed to establish eligibility for asylum, Singh necessarily failed to qualify for withholding of removal. *See Malhi,* 336 F.3d at 993.

Substantial evidence also supports the BIA's denial of relief under the CAT because Singh did not establish that it is more likely than not that he would be tortured if he returned to India. *See id.*

Singh's due process rights were not violated by the admission into evidence of an asylum officer's notes and assessment because the evidence was probative and its admission was fundamentally fair. *See Espinoza v. INS,* 45 F.3d 308, 310–11 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**